IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Tracy A. Portner<br>Deane J. Portner<br>          Debtors | CHAPTER 13 |
| Lakeview Loan Servicing, LLC<br>          Movant<br>vs. | NO. 17-16135 ELF |
| Tracy A. Portner<br>Deane J. Portner<br>          Debtors | 11 U.S.C. Section 362 |
| William C. Miller, Esquire<br>          Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. On or before February 29, 2020, the Debtor shall cure the post-petition arrears in the amount of **$2,927.37** for the months of November 2019 through February 2020 in the amount of $782.98 each, less a suspense balance of $204.55

2. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due March 1, 2020 in the amount of $782.98.

3. In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) is waived.

4. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

Date: February 17, 2020    By: /s/ Rebecca A. Solarz, Esquire
                                Attorney for Movant

Date: 2/24/2020

                                John A. DiGiamberardino, Esquire
                                Attorney for Debtors

Date: 2/24/20

                                William C. Miller, Esquire
                                Chapter 13 Trustee                NO OBJECTION
                                                                  *without prejudice to any
                                                                  trustee rights and remedies.

**O R D E R**

Approved by the Court this 12th day of March, 2020. However, the court retains discretion regarding entry of any further order.

                                Bankruptcy Judge
                                Eric L. Frank