United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Deane J. Portner  
Tracy A. Portner  
      Debtors

Case No. 17-16135-elf  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2      User: ChrissyW      Page 1 of 1      Date Rcvd: Mar 12, 2020  
                      Form ID: pdf900      Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 14, 2020.  
db/jdb      +Deane J. Portner,   Tracy A. Portner,   25 Essex Street,   Marietta, PA 17547-1105

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.      TOTAL: 0

      ***** BYPASSED RECIPIENTS *****  
NONE.      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 14, 2020      Signature: /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 12, 2020 at the address(es) listed below:

      HOWARD GERSHMAN   on behalf of Mediator   Howard Gershman, Esquire hg229ecf@gmail.com, 229ecf@glpoc.comcastbiz.net  
      JOHN A. DIGIAMBERARDINO   on behalf of Debtor Deane J. Portner jad@cdllawoffice.com, dmk@cdllawoffice.com  
      JOHN A. DIGIAMBERARDINO   on behalf of Joint Debtor Tracy A. Portner jad@cdllawoffice.com, dmk@cdllawoffice.com  
      JOHN A. DIGIAMBERARDINO   on behalf of Plaintiff Tracy A. Portner jad@cdllawoffice.com, dmk@cdllawoffice.com  
      JOHN A. DIGIAMBERARDINO   on behalf of Plaintiff Deane J. Portner jad@cdllawoffice.com, dmk@cdllawoffice.com  
      REBECCA ANN SOLARZ   on behalf of Creditor   LakeView Loan Servicing, LLC bkgroup@kmllawgroup.com  
      SCOTT M. ROTHMAN   on behalf of Defendant   Lakeview Loan Servicing, LLC srothman@halcur.com  
      THOMAS I. PULEO   on behalf of Creditor   LakeView Loan Servicing, LLC tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com  
      United States Trustee   USTPRegion03.PH.ECF@usdoj.gov  
      WILLIAM C. MILLER, Esq.   ecfemails@ph13trustee.com, philaecf@gmail.com  
      TOTAL: 10

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Tracy A. Portner<br>Deane J. Portner<br>    Debtors | CHAPTER 13 |
| Lakeview Loan Servicing, LLC<br>    Movant<br>vs. | NO. 17-16135 ELF |
| Tracy A. Portner<br>Deane J. Portner<br>    Debtors | 11 U.S.C. Section 362 |
| William C. Miller, Esquire<br>    Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. On or before February 29, 2020, the Debtor shall cure the post-petition arrears in the amount of **$2,927.37** for the months of November 2019 through February 2020 in the amount of $782.98 each, less a suspense balance of $204.55

2. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due March 1, 2020 in the amount of $782.98.

3. In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) is waived.

4. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

Date: February 17, 2020

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 2/24/2020

John A. DiGiamberardino, Esquire
Attorney for Debtors

Date: 2/24/20

William C. Miller, Esquire
Chapter 13 Trustee

NO OBJECTION
*without prejudice to any trustee rights and remedies.

**ORDER**

Approved by the Court this 12th day of March, 2020. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Eric L. Frank